ASHLEY R. NORTHRUP, Respondent, *v.* ISAAC COOK AND JOHN CHAMBERLAIN, Appellants.

*Contract—Sale—Damages.*—Where a vendor agrees to sell and deliver personal property at or within a particular time, and fails to perform his contract, the measure of damages is the difference between the contract price and the market value at the time it should have been delivered. Where the vendee refuses to accept, the measure of damages is the difference between the market value at the time of delivery and the enhanced price which he contracted to pay.

*Appeal from St. Louis Circuit Court.*

Plaintiff sued defendant and his security for breach of the following agreement:

"This agreement made and entered into this 26th day of June, 1863, by and between Isaac Cook, of Chicago, of the first part, and Ashley N. Northrup, of St. Louis, party of the second part, witnesseth, that the said Isaac Cook has this day sold and agreed to deliver to said Northrup, in East St. Louis, one thousand tons of ice, for the sum of fourteen dollars per ton, to be delivered within sixty days from date, cash to be paid as delivered in the cars at East St. Louis."

For the plaintiff the court gave the following instructions:

1. Under the contract read in evidence, it was the duty of the defendant Cook to deliver merchantable ice to the plaintiff in East St. Louis to the amount of one thousand tons; and unless he has delivered, or offered to deliver, the same, then you must find for the plaintiff on a breach of the bond for failure to deliver, unless the jury believe from the evidence that the plaintiff rescinded the contract.

2. If the jury believe from the evidence that Isaac Cook executed the contract read in evidence by the plaintiff, and the defendants executed the bond read in evidence by the plaintiff, that Isaac Cook failed or neglected to deliver the quantity of ice specified in said contract, then the plaintiff is entitled to recover in this action for the part not delivered the difference between the contract price as stated in said contract and the market price at the place of delivery at the time the same was to be delivered, not exceeding five thousand dollars, unless the jury believe from the evidence that the plaintiff refused to receive any more ice.

The defendants excepted to the giving of these instructions.

The following instruction was given for the defendants:

1. If the jury believe from the evidence that after the defendant had delivered part of the ice, and before the time specified in the contract for the delivery of the ice in question had expired, the plaintiff notified the defendant Cook, or declared to him, that he (the plaintiff) would not receive any more ice from said Cook, then the plaintiff cannot recover against the defendant for damages on account of the non-delivery of the ice which said Cook contracted to deliver.

The court refused to give the following instructions in behalf of the defendants:

2. The measure of damages, if the jury find for the plaintiff, is the market value of ice in East St. Louis, in the cars, at the time when the plaintiff demanded its delivery and tendered the contract price thereof to the defendant.

3. To recover for a breach of contract, in evidence, the

plaintiff must show that he demanded delivery of the ice, and made a tender of the contract price to the defendant, before the institution of this suit; and unless the jury is satisfied from the evidence that the plaintiff has affirmatively made this proof, the jury will find for the defendants.

The jury found for the plaintiff, and assessed his damages at five thousand dollars.

*Krum & Decker*, for appellants.

I. This being an action against Cook and his security, it was incumbent on the plaintiff to show a breach of the bond sued on by Cook before his security could be held liable.

II. By the contract of Cook, he undertook to " deliver the ice in railroad cars at East St. Louis." Northrup was to receive it there in the cars, and to pay for it on delivery there.

III. The record does not show that Northrup at any time demanded any ice in East St. Louis, or that he was willing and ready then to receive it, or that he tendered the price.

*Lackland, Cline & Jamison*, for respondents.

I. The instructions given for the plaintiff contain no error, and is clearly "the law of the case as made by the proofs"— Bernard v. Cruger, 6 McLean, 497; Halseys v. Hurd, 6 McLean, 102 ; Clark v. Dalis, 20 Barb. (N. Y.) 42; Branden v. Barton, 4 Texas, 395 ; McKnight v. Dunlap, 1 Seld. (N. Y.) 537 ; Calvert v. McFadden, 13 Texas, 395.

II. As to the measure of damages, the court had already declared the true law in the instructions given for the plaintiff, which was the " difference between the contract price and the market price at the time and place of delivery."

WAGNER, Judge, delivered the opinion of the court.

By the terms of the contract as entered into between the parties in this case, the appellant Cook was to deliver to the respondent one thousand tons of ice within sixty days of the date of the agreement, and the respondent was to pay fourteen dollars per ton therefor as the same was delivered.

The first instruction given by the court for the appellant was entirely too favorable for him according to the evidence which he had introduced and on which it was partly grounded. Whether there was any rescision of. the contract was properly left to the jury, and their verdict negativing any such rescision was well warranted by the evidence and must be held conclusive.

The measure of damages was correctly and fairly laid down by the court. Where a vendor has agreed to sell and deliver personal property at a particular day or within a particular time, and fails to perform his contract, the vendee may recover in damages the difference between the contract price and the market value when it should have been delivered. So where a vendee who has agreed to purchase goods at a certain price, refuses to receive them, and they have fallen in value, he must pay the difference between their market value and the enhanced price which he contracted to pay—Whitmore v. Coots, 14 Mo. 9; Brown v. Nash, 9 Barn. & Cress. 145; Shepherd v. Hampton, 3 Wheat. 200; Day v. Dix, 9 Wend. 129; Davis v. Shield, 24 Wend. 322; Masterton v. Mayor, &c., 7 Hill, 62; Clark v. Pinney, 9 Cow. 681; McKnight v. Dunlap, 5 N. Y. 537.

The admission of evidence by the court worked no prejudice to the just rights of the appellant, and upon a view of the whole case the record shows no error.

The judgment must be affirmed.

The other judges concur.

