Koeltz v. Bleckman et al.

AUGUST KÖELTZ, Defendant in Error, *v.* BLECKMAN & HORN, Plaintiffs in Error. .

1. *Contract — Part performance — Measure of damages.*—Where a vendor has failed wholly to comply with his part of the contract, yet if the vendee has received and made use of part of the property purchased, and is benefited by it, he must still pay for the property so received and used, the value, not to exceed the contract price, if that value exceed the damage he has sustained by reason of the failure to complete the contract. In such cases the party injured is compensated in damages; and when the vendor agrees to sell and deliver personal property at or within a particular time, and fails to perform his contract, the measure of damages is the difference between the contract price and the market value at the time it should have been delivered.

2. *Practice, civil — Verdict — Remittitur.*— A verdict for a sum greater than that claimed can not be cured by a *remittitur* of the surplus amount, when the finding was based on a total disregard of the evidence and the law.

*Error to First District Court.*

*Edwards & Son,* and *Flanagan,* for plaintiffs in error.

I. Plaintiff could not recover on this contract until he had delivered the whole of the 2,000 bushels. (Champlin v. Rowley, 18 Wend. 187; Paige v. Ott, 5 Denio, 406; McKnight v. Dunlap, 5 Barb. 36; 5 N. Y. 527; Helm v. Wilson, 4 Mo. 41; 16 Ohio, 238.) The English doctrine of part performance, as laid down in Oxendale v. Wetherell, 9 Barn. & Cress. 386, has not been adopted in this State; and in New York it has been criticised with unmeasured severity by Mr. Chancellor Walworth in Champlin v. Rowley, 18 Wend. 187.

II. The jury wholly misapprehended the case, or were so blinded by prejudice that they could not see the case in its proper light, and a new trial should be granted, notwithstanding the large sum remitted by the plaintiff. Such a verdict should not have been permitted to stand for a moment.

*McCord & Miller,* and *Ewing & Smith,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The doctrine contended for by the counsel for the plaintiffs in error, that an entire performance of the whole contract by the

defendant in error was a condition precedent to a recovery by him for any part of the wheat delivered, can not be maintained. That was the ancient rule, but a more just and equitable principle now prevails in this State. The reasonable doctrine has long since prevailed here, that where a vendor has failed to wholly comply with his part of the contract, yet if the vendee has received and made use of part of the property purchased, and is benefited by it, he must still pay for the property so received and used, the value, not to exceed the contract price, if that value exceeds the damage he has sustained by reason of the failure to complete the contract. (Lee v. Ashbrook, 14 Mo. 378.) In such cases the party injured is compensated in damages. And the law is well established that where the vendor agrees to sell and deliver personal property at or within a particular time, and fails to perform his contract, the measure of damages is the difference between the contract price and the market value at the time it should have been delivered. (Northrup v. Cook, 39 Mo. 208.) By the terms of the contract, the plaintiff was to deliver to the defendants 2,000 bushels of wheat, for which they agreed to pay him $2.50 a bushel, making $5,000 for the whole lot. All the wheat was not delivered, and the evidence shows that after the contract was made, wheat greatly advanced in the market. The defendant paid $2,420 on the wheat received, and this action was brought by the plaintiff claiming $2,308 as the balance remaining due. The answer asked for damages on account of breach of the contract, and also set up an offset for sacks and sack hire.

The jury returned a verdict for the plaintiff for the sum of $2,879, whereupon he remitted $1,500, and took judgment for the remainder, $1,379.

The extraordinary verdict of the jury renders it certain that they disregarded the evidence and mistook the law. The question in this case is, will the *remittitur* cure the error? We think not. As the verdict was for more than the amount demanded in the petition, of course it could not be permitted to stand. By the judgment, after the $1,500 was remitted, a calculation exhibits the fact that the plaintiff got just about

21—VOL. XLVI.

the contract price of his wheat delivered, without regard to any injury or damage sustained in consequence of the breach of the contract, or for sacks or sack hire. The truth crops out in the whole proceeding, and the conclusion is. irresistible that the defendant's side of the case was never considered by the jury; and to allow the judgment to stand by virtue of the *remittitur*, is really permitting the plaintiff to make up his own verdict.

It is unnecessary to remark that had the verdict of the jury been for the $1,300 we would not have disturbed it, although we might not have been entirely satisfied with the finding; but as it is, there is no verdict to interfere with, and we have no hesitation in applying the correction. The court should have sustained the motion for a new trial.

I see nothing objectionable in the action of the court in reference to the admission or exclusion of evidence. The counsel have unnecessarily confused the case by drafting and getting instructions which have no bearing upon its merits, and the instruction given by the court of its own motion is not the law as heretofore declared by this court. It might be good in some cases, but is hardly applicable in this. There is but one single issue to be tried, and the law as applying to it is indicated in a prior part of this opinion. As far as enlightening the jury is concerned, one instruction will be found sufficient.

Reversed and remanded. Judge Currier concurs; Judge Bliss absent.