WILLIAM W. HOLLY, Respondent, v. ST. LOUIS, KANSAS CITY & COLORADO RAILWAY, Appellant.

St. Louis Court of Appeals, February 5, 1889.

Instructions: SALE AND DELIVERY: TITLE. An instruction which declares that delivery at the place agreed upon passed to the vendee the title of goods sold, without permitting the jury to determine whether such effect was intended by the parties, is misleading and erroneous.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

Holly v. St. Louis, K. C. & Colo. Ry. Co.

*John C. Orrick*, for the appellant.

Instructions calculated to mislead the jury should not be given. *Donahoe v. Railway,* 83 Mo. 560; *Chouteau v. Iron Co.*, 82 Mo. 73; *Greer v. Parker*, 85 Mo. 107. The court erred in giving plaintiff's instruction number 4 to the effect that the property in the posts put upon the track of defendant at Union had passed to defendant, when such was not in fact the case, and in this connection refusing defendant's instruction number 11, wherein it was stated that the mere fact of plaintiff placing on defendant's right of way fence-posts, did not cause defendant liability for the same, unless there was inspection beforehand and acceptance by some agent authorized by defendant. If the defendant is liable at all for these 3,940 posts it is liable and can be sued for failure to accept them only; the property in them has not passed from Holly to defendant, for the rule of law is well settled that, where some articles are to be selected out of a larger number, title in them does not pass until the selection is made. Benj. Sales [4 Am. Ed.] section 320 *et seq.; Ober v. Carson*, 62 Mo. 209; *Cornell v. Clark*, 10 N. E. Rep. 888. The plaintiff has declared on a count for goods sold and delivered. That to support such a count there must be evidence that the property has passed from vendor to vendee is a rule too well settled to require the citation of authority; there is no such evidence here. Plaintiff, having declared on one count for these 3,940 posts, cannot recover on a different one. *Cabanne v. Skinker*, 56 Mo. 357; *Clements v. Yeates*, 69 Mo. 623; *Murphy v. Bedford*, 18 Mo. App. 279; *Handcock v. Buckley*, 18 Mo. App. 459; *Pfleger v. Weltner*, 21 Mo. App. 580; *Kemp v. Foster*, 22 Mo. App. 643.

204     34 MISSOURI APPEAL REPORTS,

Holly v. St. Louis, K. C. & Colo. Ry. Co.

*J. C. Kiskaddon* and *James Booth,* for the respondent.

The evidence only discloses an ordinary sale and delivery of personal property. There is no evidence that it was a condition precedent to the sale that the posts or ties were to be inspected and received. Appellant's seventh point assumes that the court told the jury in plaintiff's fourth instruction that the property in the posts had passed to the defendant. It does no such thing. The jury are told that if they believe certain facts to be true, then the posts become the property of defendant. There is no evidence whatever that an inspection of the posts by defendant was a condition precedent to a completion of the sale. Plaintiff is the only one who testifies as to the sale and delivery, and his testimony is not contradicted.

THOMPSON, J., delivered the opinion of the court.

This is an action in the nature of *assumpsit* for goods sold and delivered. The petition avers the sale and delivery by the plaintiff to the defendant, at its special instance and request, of certain railway ties and fencing posts. The answer on which the cause went to trial was merely a traverse of the allegations of the petition, but it was amended at the trial in a particular which need not be stated. Several errors are assigned upon rulings taking place at the trial, but we do not think it necessary to notice them, because we are of opinion that the judgment must be reversed on the instructions, and these intermediate rulings will probably not occur upon another trial.

The plaintiff gave evidence tending to show that, under contracts with agents of the defendant, he got out the ties and the posts which are the subject of the action, and delivered them at the places agreed upon. Several instructions were given, and some of them submitted to the jury the question whether the title in the posts had passed to the defendant or not.

Complaint is made that the court gave the following instruction : "If the jury believe from the evidence that plaintiff sold the posts in controversy to defendant and delivered the same to the defendant on its right of way according to agreement, and that said posts have remained at the place where delivered, then upon such sale and delivery said posts instantly became the property of defendant, and no subsequent claim or act of plaintiff or any other person could or did deprive defendant of its title to said posts." And in this connection complaint is made that the court refused the following counter-instruction offered by the defendant : "The mere fact that plaintiff placed upon defendant's right of way the posts, even if he had a contract with defendant for their sale and delivery, is not enough to make defendant liable in this case. Before liability attaches there must be an inspection by an agent authorized by the defendant, and the posts must have been received by him." The argument is that if the defendant is liable at all, it is not liable on the theory of an executed sale for the agreed price, but is liable only for such damages as the plaintiff has sustained for failing and refusing to accept according to the contract. There is a well founded distinction between the right of action for the purchase money, which the law gives in the case of an executed sale, and the right of action for damages which the law gives to the vender in case the vendee refuses to accept the property,—that is, refuses to permit the vendor to execute the sale. *Pittsburg Railway v. Heck*, 50 Ind. 303 ; *Northrup v. Cook*, 39 Mo. 208. The difference concerns the measure of damages. In the first case, the measure of damages is the full contract price, and in the second case, it is the difference between the contract price and the market price on the day when the vendee ought to have accepted the goods according to the contract. *Northrup v. Cook, supra.* Undoubtedly the title may

pass, although some operation of weighing, counting, or even culling or inspecting, remains to be done in order to ascertain the contract price, if such be the intent of the parties. *Ober v. Carson*, 62 Mo. 209.

As was said by WAGNER, J., "the question of transfer to, and vesting title in, the purchaser, always involves an inquiry into the intention of the contracting parties ; and it is to be ascertained whether their negotiations and acts show an intention on the part of the seller to relinquish all further claim as owner, and on the part of the buyer to assume such control with all liabilities." *Ober v. Carson*, *supra*, p. 214. Where the facts are doubtful or controverted, whether such was the intent of the parties, is the question for the jury. *Glass v. Gelvin*, 80 Mo. 297, 300.

But there was no evidence in the case tending to show that it was a part of the contract of sale that there should be an inspection and acceptance of the ties or posts by an agent of the defendant before the title should pass ; so that the court committed no error in refusing the instruction tendered by defendant.

The peculiar instruction given on behalf of the plaintiff, above set out, was evidently intended to do away with the effect of certain evidence showing that, subsequent to the delivery of a part of the posts upon the defendant's right of way, the plaintiff had exercised rights of ownership over them inconsistent with an understanding that they belonged to the defendant. He himself admits that he had sold sold some forty of them to a third person, and a contract was put in evidence between him and another third person, whereby he agreed to sell the whole lot to such third person in the event of his being cast in this suit. This last third person had become his surety for the costs of this suit, and this contract of sale is consistent with a purpose on his part to indemnify him as such surety. This instruction

seems to be open to the objection that it is an argumentative instruction, but it is not objected to on that ground. It is true that, if the posts became the property of the defendant under the contract as soon as they were delivered upon its right of way, the subsequent act of the plaintiff in making and selling forty of them to a third person would not, without the consent of the defendant, deprive the defendant of its title to the remainder. But where the defendant is not insisting upon its title to the remainder, b ut is denying any title in them, the act of the plaintiff in thus exercising acts of ownership over the property, concurring with that of the defendant, would certainly tend to show that, according to the understanding of b oth parties, the title had not passed to the defendant. In this regard the instruction seems to be misleading and prejudicial, because it prevented the jury from ascribing to this act of the plaintiff the conclusion that the title to the goods h ad not passed according to the intent of the parties.

My associates also instruct me to say that, in their opinion, the third instruction given for the plaintiff is inaptly worded in its concluding clause, in that it assumes as a fact that certain ties were sold and delivered by the plaintiff to the defendant and not paid for by the defendant, and that it should not be given in that form on another trial.

The judgment will be reversed and the cause remanded. Judge BIGGS concurs; Judge ROMBAUER concurs in the result.