C. H. VANSTONE, Respondent, v. S. O. G. HOPKINS, Appellant.

Kansas City Court of Appeals, April 25, 1892.

1. **Damages:** FAILURE TO DELIVER: MARKET PRICE. In case of a failure to deliver according to contract of sale, the ordinary measure of damages is the difference between the contract price and the market price of the goods at the time and place of delivery; but, where there is no market price at the place of delivery, the market price at the place to which they were to be sent, less the cost of transportation is the measure of their value at the place of delivery.

Vanstone v. Hopkins.

2. **Instructions:** ASSUMING FACTS: INAPPLICABLE RULE. An instruction should not assume a fact of which there is no evidence and thereby insert a rule inapplicable to the facts which the evidence tended to prove.

3. **Frauds and Perjuries:** VERBAL CONTRACT: SUFFICIENCY OF WRITTEN OFFER. The statute of frauds will apply if there is no part performance of the verbal agreement sued on; and a written proposition signed by the plaintiff only, addressed to no one, and about the acceptance of which there is some doubt, is not sufficient to withdraw the transaction from under the operation of the statute.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Leslie Orear,* for appellant.

The defendant's demurrer to the evidence should have been sustained; there was no proof of any sort offered at the trial, nor did the evidence tend to show that the defendant ever refused to deliver the wheat contracted for at Mt. Leonard in a reasonable time after the contract was entered into; this was a material point, and there was a total failure of proof on that point. *Groll v. Tower,* 85 Mo. 249; *Smith v. Shell,* 82 Mo. 215; 1 Greenleaf on Evidence [Redfield Ed.] secs. 66, 67. The demurrer to the evidence should have been sustained as the evidence shows that the contract for the sale of the wheat was within the statute of frauds; no sufficient written memorandum of the agreement was made in writing, signed by the party chargeable with the performance of the same, nor was any part of the consideration received by him, nor was plaintiff bound by the agreement to receive any part of the goods contracted for, or to pay for the same; both parties to the agreement should be bound, or neither will be bound by the agreement. The evidence fails to show that the sacks furnished, or to be furnished, constituted any

part of the price to be paid for the wheat; they were simply furnished in aid of the proposed delivery, and it was not understood by any fair inference from the evidence that they were furnished as an inducement to the contract.    Roberts on Frauds, p. 139; Browne on Statute of Frauds, secs. 8, 334*b*, 371, 371*a*, 377–78, 380; *Smith v. Shell, supra; Chrisman v. Hodges,* 75 Mo. 413; *O'Neill v. Crain,* 67 Mo. 250.

*Alf. F. Rector,* for respondent.

(1)    In a case where the petition alleges a contract, and then also alleges part performance of the same, by both plaintiff and defendant, the defense of "statute of fraud" must be specially pleaded; it cannot be raised by objections to the evidence or by demurrer.    Browne on Statute of Frauds, secs. 511, 518.    (2)    There was no such objection to the evidence in this case as would be if it were a proper case in which to raise the defense "of statute of frauds," by objecting to the evidence. The objection to the evidence was expressly made on the ground that the petition charged that the agreement was in writing, when in fact no such allegation is contained in the petition.    (3)    The question of what the contract was, was the issue.    The jury found the issue for the plaintiff.    The question of part performance was also found for plaintiff.    Defendant's demurrer being overruled, he introduced his witness and presented his case.    He cannot ask that this court review the ruling of the trial court.    *Taylor v. Penquite,* 35 Mo. App. 389.    (4)    The defendant waived the plea statute of frauds by not pleading the same.    This is the rule in Missouri.    *Gardner v. Armstrong,* 31 Mo. 535; *Sherwood v. Saxton,* 63 Mo. 78; *Maybee v. Moore,* 90 Mo. 340.    I submit the finding and judgment was for the right party, and ask an affirmance.

SMITH, P. J.—The plaintiff sued defendant to recover damages for failing to deliver two thousand bushels of wheat to plaintiff under a verbal agreement. The plaintiff had judgment, and the defendant has appealed.    The principal error of which defendant complains is in respect to the action of the trial court in instructing the jury that if they believed from the evidence that about the first day of August, 1891, defendant entered into an agreement with the plaintiff by the terms of which agreement defendant sold to plaintiff one thousand bushels of wheat at seventy-four cents per bushel to be delivered on board the Chicago & Alton railroad cars at Mt. Leonard station, said wheat to be paid for on a basis of seventy-four cents for number 2 wheat, St. Louis weights and grades to govern, and that as a part of the consideration for said wheat plaintiff agreed to furnish defendant with sacks to handle said wheat, and that plaintiff did as a part performance of his agreement furnish defendant with said sacks within a reasonable time after requested so to do by defendant; and that defendant on or about the twenty-first day of August, 1891, refused to comply with his said agreement, and refused to deliver said wheat, and did on or about said date notify the plaintiff that he declined to deliver said wheat, then your finding must be for the plaintiff, and you will assess his damages at the difference between the price agreed to be paid by the contract and the market value of the wheat at Mt. Leonard on the day defendant refused to deliver the wheat to plaintiff, not exceeding in amount the sum of $200.

The abstracts are entirely barren of any evidence tending to show that the plaintiff and defendant entered into an agreement, by the terms of which the defendant sold to plaintiff *one thousand bushels of wheat at seventy-*

*four cents* per bushel. There was no evidence whatever to warrant the submission of the case to the jury upon such an hypothesis. Again the uncontradicted evidence shows that there was no market price for wheat at Mt. Leonard, the place where the defendant had agreed to make delivery under the terms of the sale. Such being the conceded fact, how could the court tell the jury, as it did, that if they found for plaintiff that they should *"assess his damages at the difference between the price agreed to be paid by the contract* and the market value of the wheat at Mt. Leonard on the day defendant refused to deliver it."* It is quite true that the ordinary measure of damages is the difference between the contract price and the market price of the goods at the time and place where they should be delivered. *Griffith v. Const. Co.*, 46 Mo. App. 539; *White v. Saulsbury*, 33 Mo. 150; *Koeltz v. Bachman*, 46 Mo. 320; *Northup v. Cook*, 39 Mo. 208; *Rickey v. Tenbroek*, 63 Mo. 563; *Harrison Wire Co. v. Hardware Co.*, 97 Mo. 289. But where the goods have no market price at the place of delivery, the market price at the place to which they were to be sent, less the cost of transportation, is the measure of their value at the place of delivery. Sedgwick on Damages [8 Ed.] sec. 246; Benjamin on Sales [American notes by Bennett] 859, and cases there cited; *Johnson v. Allen*, 78 Ala. 387. There was no evidence whatever offered showing the costs of transportation of wheat per bushel from Mt. Leonard to St. Louis where it was to be sent. So that the rule declared by the court for the government of the jury in that regard was inapplicable under the facts which the evidence conduced to prove.

Again the undisputed evidence was that the defendant agreed to sell the plaintiff his crop of wheat. He did not agree to deliver a specific number of bushels,

but only so many bushels of good, sound wheat as his crop would yield when subsequently threshed. If it graded number 2, then he was to receive seventy-five cents per bushel; if it should turn out, upon inspection, to be of a different grade, then no price was fixed. But this did not establish a price for the wheat if the grade was other than number 2. Now there was no evidence of the quality of defendant's wheat. The plaintiff had never seen it. It was not shown what it graded, or would have graded, in the market. There was an utter absence of evidence touching its quantity. Yet the court by its instruction directed the jury to find the difference between what the plaintiff agreed to pay for it and its market value in St. Louis. It may not have graded in St. Louis number 2. It may have been of a much lower grade. The instruction assumed that the defendant's wheat was number 2 in grade, when there was not a syllable of evidence tending to prove it. If it was number 3, then it would have been worth, as the plaintiff testified, from four to six cents less per bushel. This would have reduced the amount of the damages claimed that much. We must condemn this instruction as asserting a rule inapplicable to the facts which the evidence tended to prove. It should not have been given.

As the cause will be remanded it is proper to remark that the cause of action is not based upon a written contract, but, if it were, the written proposition or offer of the plaintiff already referred to would not be sufficient to withdraw the case from under the operation of the statute of frauds. It was signed by the plaintiff only, addressed to no one, and, besides, there is some doubt whether it was accepted by the defendant. It was not signed by the party sought to "be charged therewith," nor is it sufficient in form or contents to meet the requirements of the statute. Browne on Statute

of Frauds, secs. 345, 345*a*, 371, 371*á*, 372, 373.   It has no place in the case that we discover.   The plaintiff's third instruction should, therefore, not have been given.

Of course the statute of frauds would apply if there is no part performance of the verbal agreement sued on shown in the evidence.

The judgment will be reversed and the cause remanded.   All concur.