R. M. COBB, Respondent, v. J. A. WHITSETT, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Damages**: MEASURE OF: BREACH OF SALE: CONTRACT. The ordinary measure of damages for a breach of contract for the sale of corn is the difference between the contract price and the market price thereof at the time and place where it should be delivered, but this rule does not apply when there is no evidence of the market value.

2. ——: ——: ——. When there is no market price of a commodity at the place of delivery, the market price at the nearest available place of market less the expense of transportation and hauling is the measure of its value at the place of delivery.

3. **Evidence**: MARKET PRICE. The fact that witness was paying a certain price for corn does not prove the market price thereof.

4. ——: DECLARATIONS TO THIRD PARTIES. The declarations of one party to an action made to a stranger to such action do not bind the other party thereto, and are incompetent evidence.

*Appeal from the LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Walker Bascom* and *William Aull*, for appellant.

(1) The court erred in granting instruction 2 for respondent. The petition claims damages for having to replace certain corn, and the measure of damages, if any, would be the difference between what it cost to replace and the thirty-eight cents, the price claimed to have been agreed upon. The plaintiff offered no evidence as to when he replaced, or what he paid to replace the same. (2) The court erred in admitting evidence of declarations of James Whitsett made out of the presence of and unauthorized by appellant, and in refusing to instruct the jury as requested by appellant in instruction 6.

Cobb v. Whitsett.

*J. D. Shewalter*, for respondent.

Nor was there any error in the measure of damages declared in the second instruction; it is the difference between the contract price and the market value at the time and place where delivery should be had. There was no error in the refusal of the sixth instruction. It is not the law, as it leaves out the question of agency.

SMITH, P. J.—This was a suit commenced before a justice of the peace to recover damages for the breach of a verbal contract to deliver twelve hundred and seventy-five bushels of corn. There was a trial of the court below, which resulted in judgment for the plaintiff, from which defendant has appealed. The defendant objects that the trial court erred in instructing the jury to the effect that, if the defendant sold the corn to plaintiff and afterwards refused to allow him to take possession of it, then the measure of damages, which plaintiff was entitled to recover, was the difference between the contract price, and the market value thereof at that time and place. This, we think, was improper for the reason, the evidence does not show that there was any market value for corn on the farm where defendant lived, and where the corn claimed was situated. The plaintiff testified what the market value of the corn was at the time defendant refused to let him have it, but he did not name the place whether in St. Louis, Kansas City or elsewhere. It is quite true that the ordinary measure of damages is the difference between the contract price and the market price of the commodity at the time and place where it should be delivered. *Griffith v. Construction Co.*, 46 Mo. App. 539; *Vanstone v. Hopkins*, 49 Mo. App. 350; *White v. Salisbury*, 33 Mo. 150; *Koeltz v. Bleckman*, 46 Mo. 320; *Northrup v. Cook*, 39 Mo. 208;

*Rickey v. Tenbroeck,* 63 Mo. 563; *Harrison Wire Co. v. Hardware Co.,* 97 Mo. 289.

When there is no market price of a commodity at the place of delivery, the market price at the nearest available market less the expense of transportation and hauling is the measure of its value at the place of delivery. Sedgwick on Damages, sec. 246; *Vanstone v. Hopkins, supra;* Benjamin on Sales, 859.

It is true the plaintiff testified that he was paying a certain price for corn, but this did not prove the market price of it at the place of delivery at the time the defendant agreed to deliver it, if he did so agree. The plaintiff's own testimony tended to show that the second lot of corn was to be delivered when the first lot, which had been paid for, was shelled or hauled away. This was to be done the following week. The first lot was not hauled away for several weeks afterwards. It was some time after this that plaintiff claims that he demanded the other corn. Now it seems to us that the time when the defendant was, under the alleged contract, bound to deliver the corn, was the time when the first lot of it was hauled away. The difference *at that time* between the contract price and market price would furnish, under the rule we have just stated, the true and just measure of the damages which should be admeasured for the alleged breach of the contract. The instruction under the evidence should have restricted the inquiry to that time.

. The conversations had by plaintiff with James Whitsett should not have been admitted in evidence, as the same were wholly incompetent to, in any way, bind the defendant.

It results that the judgment should be reversed and the cause remanded. All concur.