## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1900.

---

*( Continued from Volume 84.)*

## GEORGE VEST BUSH, by Next Friend, Respondent, v. FISHER & FISHER, Appellants.

**Kansas City Court of Appeals, June 11, 1900.**

1. **Sales:** DELIVERY OF PART: REFUSAL TO ACCEPT. A vendee is under no obligation to receive the inferior part of a large purchase of wood, but is entitled to the delivery of the whole as he purchased it.

2. ———:FAILURE TO DELIVER: MEASURE OF DAMAGES. Where the seller fails to deliver, the measure of damages is the difference between the agreed price and the market price at the time and place of delivery; and if there be no market price then the difference between the agreed price and the reasonable value.

3. **Damages:** INADMISSIBLE EVIDENCE: HARMLESS ERROR. While certain evidence as to the price plaintiff had sold certain wood for is inadmissible, yet it is harmless on the facts in this record.

4. **Justices' Court: APPOINTMENT OF NEXT FRIEND: REVERSAL.** The filing of a next friend's written consent with the justice is a sufficient compliance with the statute; and though there be no consent to act as next friend, it will not authorize a reversal.

Appeal from the Cooper Circuit Court.—*Hon. D. W. Shackleford*, Judge.

AFFIRMED.

*C. D. Corum* and *W. M. Williams* for appellants.

(1)  Plaintiff is a minor.  No evidence was introduced tending to show that a next friend had been appointed to prosecute, nor that any one had consented to act as such. Porter v. Railway, 60 Mo. 162; Sherman v. Railway, 72 Mo. 63; Lee v. Mfg. Co., 6 Mo. App. 578; Randolph v. Railway, 18 Mo. App. 609.   (2) The court erred in permitting plaintiff to testify that after he made the agreement with defendants to purchase their wood at $1.30 a cord he contracted to sell the same at Kansas City for $3 per cord for all except the hickory wood, for which he was to receive $3.75. 2 Sedg. on Dam. [8 Ed.], sec. 740; 2 Sutherland on Dam. [2 Ed.], p. 1451; Cockburn v. Lumber Co., 12 N. W. Rep. (Wis. 1882), 49.   (3) Plaintiff should not be permitted to recover any damages that could reasonably have been avoided by him.   The testimony of defendants tends to show that only sixty or seventy cords had been shipped at the time plaintiff demanded the delivery of the wood, and that they offered the remainder thereof to him and asked him to accept it, which he declined to do. He should not be permitted, therefore, to recover damages for the nondelivery of that portion of the wood which he declined to accept when tendered to him.   Lee v. Saddlery Co., 38 Mo. App. 201; State v. Harrington, 44 Mo. App. 297; Coal Co. v. Brick Co., 66 Mo. App. 302.

*John Cosgrove* and *James W. Cosgrove* for respondent.

(1) Wm. D. Bush's written consent, filed with the justice, to act as plaintiff's next friend, was sufficient under sec. 3927, R. S. 1899, to empower plaintiff to prosecute this suit.   The need of appointing a next friend was done away with when a suitable person consented in writing to so act. Jones v. Steele, 36 Mo. 324; Bunton v. Adams, 65 Mo. App. 6; Hicks v. Beam, 112 N. C. 642; 14 Am. and Eng. Ency. Plead. and Prac., pp. 1018, 1019.  (2) The judgment of the lower court was in favor of an infant and will not be reversed if no next friend was appointed, or if no person had consented in writing to act as such.  R. S. 1899, sec. 672; Brandon v. Carter, 119 Mo. loc. cit. 583, and cases cited; Cochran v. Thomas, 131 Mo. loc. cit. 276; 14 Am. and Eng. Ency. Plead. and. Prac., p. 1017. (3)   The measure of damages laid down by the court in plaintiff's instructions was most favorable to defendants.   Ball v. Independence, 41 Mo. App. 469; State v. Stewart, 90 Mo. 507; Mangold v. Railway, 24 Mo. App. 52.   (4) Upon trial defendants insisted that the measure of damages was the difference between the contract price of the wood and its market price at Blackwater.  If this was error it was self-invited and appellants can not complain of it here.   White v. Mfg. Co., 53 Mo. App. 337; Waller v. Railway, 59 Mo. App. 410.

SMITH, P. J.—This is a suit begun before a justice of the peace to recover damages for the breach of a contract for the sale and delivery of cord wood.   In the circuit court the plaintiff had judgment for one hundred and ten dollars and defendants have appealed.

There is little or no dispute as to the facts which the evidence conduces to establish.   The plaintiff entered into

a verbal contract with defendants for the purchase of two hundred and fifty cords of wood at one dollar and thirty cents per cord. The wood was to be measured, received and paid for the following week. Ten dollars of the purchase price was paid at the time the contract was made. The wood was to be delivered at Blackwater, a railway station situate some hundred miles or more east of Kansas City. The defendants before the contract time for the delivery arrived sold to other parties several car loads of the wood they had previously sold to plaintiff. The plaintiff refused to accept that undisposed of for the reason that part of it was "culls" and of inferior quality.

There was some evidence adduced which tended to prove that the wood in the condition it was when plaintiff purchased it, and before it had been partly culled, could have been sold in Kansas City for a net advance of about one dollar per cord. The plaintiff testified that after he made the purchase of the wood from the defendants that he had engaged to deliver it to a manufacturing corporation in Kansas City for three dollars per cord for oak and three dollars and seventy-five cents for hickory; that it was part oak and part hickory, there being some twenty-five or thirty cords of the latter.

The principal complaint now made is that the plaintiff should have received the wood that the defendants had left undisposed of, and that he ought not to recover damages for that. The plaintiff was under no obligation to receive the inferior wood which had been rejected as "culls." He was entitled to the delivery of the wood as it was when he purchased it, both in respect to quantity and quality. Tiedeman on Sales, secs. 101, 335. It is not to be supposed that after some sixty cords of the best wood had been selected and separated from the ricks that that which remained, including the "culls," was of the same value per cord that it was before the selection and separation took place. The average quality

and value of what remained was by that process, of course, greatly diminished.

There was little or no evidence offered tending to show a market at Blackwater for wood of the kind the plaintiff had contracted for with the defendants. The court did not err in refusing the defendants' instruction submitting the case on this theory. The jury were told by an instruction for plaintiff that if it found for him that the measure of his damages was the difference between the price agreed and the market price of the wood at Blackwater, and of the wood of the kind contracted for; and if it had no market price at Blackwater, then he was entitled to the difference between the agreed price and that which the evidence showed was the reasonable value at Blackwater at the time he was to have received the wood under contract. This instruction, as is seen by reference to the evidence and to some of the adjudged cases in this state, was far more favorable to the defendants than they were entitled to. Vanstone v. Hopkins, 49 Mo. App. 386; Cobb v. Whitsett, 51 Mo. App. 146; Anderson v. Frank, 45 Mo. App. 482. Indeed, this seems to have been their own theory of the case, as appears from the evidence adduced by them at the trial. The defendants are therefore in no situation to complain of the plaintiff's instruction relating to the measure of damages.

It is probably true that the testimony of the plaintiff touching the price at which he had sold the wood was irrelevant, yet, in view of other evidence showing that the plaintiff was entitled to recover, and that the verdict for him was so moderate, we can not think the defendants were in any way prejudiced by the action of the court in admitting such testimony.

The defendants assail the judgment on the further ground that the plaintiff was not represented by a next friend. The record discloses that the plaintiff's father filed

with the justice a written consent to become the next friend of the plaintiff and responsible for the costs, which, it seems to us, was a sufficient compliance with the statute.    R. S. 1899, sec. 3927.    And if no such consent had been filed, still we would not, in view of the statute, have been authorized on any such ground to have reversed the judgment.    R. S. 1899, sec. 672; Brandon v. Carter, 119 Mo. 583.

The judgment was for the right party and will be affirmed. *Ellison, J.,* concurs; *Gill, J.,* absent.