MARTIN L. HOWARD, Appellant, v. ED. HAAS, Respondent.

Springfield Court of Appeals, December 6, 1909.

1. DAMAGES: Breach of Contract: Sale of Goods: Date for Measurement of Damages. In a suit for damages for breach of contract on account of vendor's failure to furnish the full quantity of canned tomatoes as agreed, where there was no definite date for delivery, the time of the breach is the date that the vendee has notice of the exact amount that the vendor will furnish under the contract; and this is the date on which the market value should be taken as a basis for estimating the damages for failure to furnish the balance of the goods called for by the contract.

2. ———: ———: ———: Measure of Damages. In suits for damages for failure of the vendor to deliver goods which he had contracted to furnish, the measure of damages, generally, is the difference between the price agreed upon and the market value of the property at the time and place of delivery.

3. **APPELLATE PRACTICE: Motion for New Trial: Objections Not Saved Not Reviewable.** Where appellant did not save, in his motion for a new trial, his objection to the trial court's action permitting defendant to amend his answer and counterclaim, the matter is not before the appellate court for review.

4. **REPLEVIN: Damages: Attorney Fees.** Attorney fees and expenses of the·plaintiff growing out of the detention of the property are not elements of damages and are not recoverable in an action of replevin.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED, UPON REMITTITUR.

*F. T. Stockard* and *O. L. Cravens* for appellant.

(1) The court erred in the time of finding the breach of contract. It should have been declared to have been when the defendant first had notice of the default, as the defendant had time then and it became his duty to go upon the market and get his tomatoes elsewhere. For the plaintiff would not be responsible for any loss which the defendant might have avoided by procuring tomatoes elsewhere. State v. Harrington, 44 Mo. App. 297; Coal Company v. Brick Company, 66 Mo. App. 302; Creve Coeur Lake Ice Co. v. Tamm, 90 Mo. App. 189. (2) The question as to the measure of damages on the counterclaim was not involved in the first appeal in any question raised by the appellant, nor was it necessary for the court to decide whether damages in defendant's counterclaim should or should not be allowed. Lamar Mfg. Co. v. Railroad, 131 Mo. App. 115; William Leicher v. Frank L. Keeney, 110 Mo. App. 292; Bank v. Donnell, 195 Mo. 572; Gwin v. Waggoner, 116 Mo. 152; Carriage Co. v. Gilmore, 129 Mo. App. 644.

*John T. Sturgis* for respondent.

The Court of Appeals on the former appeal decided what is the measure of damages and the basis for com-

puting the same on the counterclaim in this case, and such ruling is the law of the case. The matters passed upon in the former decision are *res adjudicata* and no longer open to dispute. Lane v. Railroad, 35 Mo. App. 567; Galbreath v. Rogers, 45 Mo. App. 324; Taussig v. Railroad, 186 Mo. 269; Chapman v. Railroad, 146 Mo. 481; McKinney v. Harral, 36 Mo. App. 337; Overall v. Ellis, 38 Mo. 209; Railroad v. Bridge Co., 215 Mo. 286; Butz v. Const. Co. (Mo. App.), 117 S. W. 635; Furniture Co. v. Davis, 86 Mo. App. 296; Tiechman Com. Co. v. Bank, 35 Mo. App. 472; Rice v. McFarland, 41 Mo. App. 489; McGrew v. Railroad, 118 Mo. App. 379; Carp v. Insurance Co., 116 Mo. App. 528.

GRAY, J.—This was an action in replevin, tried before the judge in the Newton Circuit Court. This is the second appeal. The opinion of the court on the former appeal will be found in 131 Mo. App. 499, and by reference to that opinion, the facts of the case will be ascertained. At the second trial, the plaintiff recovered the property sued for and the defendant recovered a judgment on his counterclaim, in the sum of $187.50, and from this judgment the plaintiff appealed.

The plaintiff's complaint of the action of the court on his cause of action, is confined to the question of damages. The court did not permit plaintiff to recover damages for attorney's fees and expenses of the plaintiff growing out of the detention of the property. In many jurisdictions such damages are recoverable in actions of replevin. In this State, however, our appellate courts have refused them as elements of damages. [Mix v. Kepner, 81 Mo. 93; Trimble v. Merc. Co., 65 Mo. App. 174.]

Except as above stated, appellant's objections are confined to the action of the court on the counterclaim. Appellant claims the court committed error in permitting defendant to amend his answer and counterclaim, but

139 App—38

we find that the motion for new trial did not complain of this action of the court, and therefore, the matter is not in this court for review.

The appellant complains of the action of the court in refusing the following declaration of law:

"The court declares the law to be that the time of the breach of the contract by plaintiff shall be deemed and taken as of the date when he notified defendant that he would not ship him or deliver the contracted amount of tomatoes, but only about 200 cases, namely, on or about September 25th, 1905."

If this instruction correctly declared the law, then the refusal of it was error. In order to determine this legal point, a knowledge of the following facts is necessary: Under a contract in writing, of June 22, 1905, the plaintiff contracted to sell to the defendant, f. o. b. cars, Springfield, and for cash, five hundred cases of tomatoes at seventy cents per dozen cans. The contract containing a condition that plaintiff should not be liable for a delivery of more than seventy-five per cent of the order under certain conditions, and it was admitted at the trial that the conditions existed by which plaintiff was only required to furnish such per cent. The goods were to be shipped as soon as ready, to the defendant at Neosho, where he was engaged in business as a wholesale grocer. Sometime prior to September 4th, the plaintiff wrote to the defendant that he would not be able to furnish more than seventy-five per cent of the five hundred cases. On September 9th, defendant replied, asking plaintiff to ship all the tomatoes he possibly could, and stating he was sorry that the contract could not be entirely filled, as he needed the goods. On September 25th, the plaintiff wrote to the defendant as follows: "I find now that I cannot deliver you over about 200 cases, and kindly ask for immediate reply as to whether or not you want them shipped local or otherwise."

The reason for appellant asking the damages to be

based on September 25, 1905, is, that at that time the tomatoes were only worth eighty-five cents per dozen, and they continued to advance in price thereafter.

The appellant asserts that the letter of September 25th, was a notice to defendant from plaintiff that he would not fill his contract, and would furnish him two hundred cases, and that defendant should have gone into the market and purchased the other one hundred and seventy-five.

Does the letter warrant this construction? We think not. He simply says: "I cannot deliver over about 200 cases." From this letter, the defendant could not ascertain the number of cases he was to purchase in order to have the three hundred and seventy-five contracted for. If the letter had stated that he would ship two hundred cases and no more, then under the decisions cited by appellant, we believe the court would have committed error in refusing the declaration of law. But this letter was not definite, and defendant could not tell therefrom what goods to purchase in order to make up the shortage caused by plaintiff's breach of his contract.

By the declaration of law given in behalf of defendant, as well as by its ruling on the evidence, the court fixed the market value of tomatoes on the 26th day of October, 1905 (the day this suit was commenced), as the basis from which to measure defendant's damages. The plaintiff offered to prove the reasonable market value of such goods at Neosho and Springfield on the 8th day of October, and the court sustained an objection thereto and ruled that the 26th day of October was the proper date.

In cases of this character, the measure of damages is generally the difference between the price agreed upon and the market value of the property at the time and place of the delivery. [Black River Lbr. Co. v. Warner, 93 Mo. 374.] And ordinarily, when goods are sold f. o. b. cars, the place of shipment is the place of delivery, but

under the contract in this case, the goods were to be, and were, shipped to the plaintiff's order, and hence, the place of delivery was Neosho. [Gill & Fisher v. Commission Co., 84 Mo. App. 456; Scharff v. Meyer, 133 Mo. 428.] And both parties tried the case on this theory.

In this case the contract fixed no special date for the delivery. We believe, in such cases, a breach of the contract exists, when the vendor notifies the vendee that he will not comply with the contract, and the vendee has notice of the extent of the breach.

The answer of the defendant in this case was prepared upon this theory and alleges, "plaintiff stated to defendant and notified him in October, 1905, that he would not ship or deliver to defendant any other or more tomatoes, and claimed that he was not obligated so to do." All the evidence in the case shows that on the 8th day of October, the plaintiff visited the defendant at Neosho, and it was there understood between them that the 218 cases were all that plaintiff would ever deliver under the contract. That was the date when the market value should have been taken for the purpose of the counterclaim, and not the day the replevin suit was commenced. The plaintiff testified on that day the goods were worth eighty-five cents per dozen cans, and that on the 26th day of October, when the suit was commenced, they were worth ninety cents. The defendant testified that, on the 8th of October, they were worth $1 per dozen. The court found the value at ninety-five cents, and evidently "split the difference" between the values fixed by the parties. The trouble is, the declaration of law given, and the ruling of the court, show conclusively that the court's estimate was based on the value on the 26th day of October, and that the court disregarded the testimony of the plaintiff concerning the value on the 8th day of October. The evidence shows that the goods were advancing in price, and this was the reason plaintiff desired to have

October 8th fixed as the time, and defendant October 26th, to measure these respective values.

We regret to have to reverse and remand this cause again. The contention, however, of appellant sustained by us is not merely technical. The defendant in his pleading, assigned the breach of the contract to be when plaintiff notified him he would not ship more than the 218 cases, and when the plaintiff tried to fix this date as the one on which to measure damages, the defendant repeatedly objected and convinced the court that the objection was well taken, and therefore, is directly responsible for the error complained of.

The preponderance of the evidence sustains the judgment of the court, and with the exception above cited, the cause was well tried, and we do not believe it possible, under the evidence, for a judgment to be rendered fixing the value of the tomatoes on the 8th day of October at less than ninety cents. Therefore, it is considered that unless within ten days from the date of the filing of this opinion, the defendant remit $37.50, the judgment will be reversed and the cause remanded. If a timely remittitur be entered, the judgment for the remainder, $150, will stand as affirmed. All concur.