DARR & SPENCER, APPELLEE, V. KANSAS CITY HAY COMPANY, APPELLANT.

FILED DECEMBER 23, 1909. No. 15,868.

Appeal: TRIAL TO COURT: FINDINGS. The findings of fact in a law action tried to a court without the intervention of a jury are entitled to the same weight as the verdict of a jury in a like case.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*E. A. Cook* and *Halbert H. McCluer,* for appellant.

*John A. Sheehan, contra.*

LETTON, J.

This action was brought by the plaintiff to recover damages on account of the alleged violation of a certain contract for the sale by plaintiff to defendant of 400 tons of alfalfa hay of described quality at $7 a ton to be delivered between the 1st day of November, 1906, and

the 1st day of March, 1907, on board cars at Lexington, or at any station taking the same rate of freight. Plaintiff alleges that three cars of hay were delivered in November, 1906, and that defendant refused to accept and pay for the remainder of the hay according to contract, and that it was damaged thereby in the sum of $2,000. The defendant admits the execution of the contract and the receipt of three cars of hay, but, by way of counterclaim, alleges that the plaintiff refused to deliver the remainder of the hay according to contract, and that it has been damaged by said refusal in the sum of $2,208.20. The reply is a general denial. The case was tried to the court without the intervention of a jury. The court found for the defendant, dismissed plaintiff's cause of action, and awarded nominal damages to defendant in the sum of one cent. The defendant excepted to the finding and judgment allowing only nominal damages, and has appealed to this court.

The assignments of error are too general and indefinite to be considered, except the assignment that the court in allowing nominal damages only, and in refusing a judgment for defendant for substantial damages, and this presents the only question before us. It must be premised that the findings of fact in a law action tried to a court without the intervention of a jury are entitled to the same weight as the verdict of a jury in a like case. *Citizens Ins. Co. v. Herpolsheimer*, 77 Neb. 232. The court found that the plaintiff had broken the contract, and that it is liable in damages for such breach, and the evidence amply sustains the finding against the plaintiff on this point.

The only matter left for determination is whether the evidence sustains the finding that the defendant is only entitled to nominal damages. The defendant admits that the correct measure of damages for failure to deliver the hay is the difference between the contract price and the reasonable market value of the hay at the time and place that the same should have been delivered, but contends that, while the contract provides for delivery at Lexing-

ton, Nebraska, or some other place where the freight rate was the same to Kansas City, it was the duty of plaintiff to deliver the hay upon the cars and bill the same to defendant, and that the parties had in mind the Kansas City market at the time the contract was entered into. He next argues that the evidence of all the witnesses who testified on this subject showed clearly that there was no real market price at Lexington, and that the price there was found by taking the Kansas City price less freight and commissions. In this connection he cites the case of *Vanstone v. Hopkins*, 49 Mo. App. 386, to the effect that, where the goods have no market price at the place of delivery, the market price at the place to which they were to be sent, less the cost of transportation, is the measure of their value at the place of delivery. It is argued by counsel that, taking the Kansas City market as a basis and deducting $3.40 a ton for freight, there would have been a profit of $5.60 upon each ton, for which judgment should have been entered in defendant's favor. We have no fault to find with the law of that case, but think it inapplicable. Under the contract the plaintiff had until March 1 to deliver the hay. The testimony shows that there was a market price for hay of the character described in the contract in Lexington in February, 1907, when the plaintiff had the right to deliver it. In fact, it was almost a drug on the market, a number of witnesses testifying that it was worth from $1.85 to $4 and $5 a ton, but that there was no demand for it at that time, though there was plenty to be had. It was also shown by one witness that he usually sold his hay at Lexington, upon the track, to other shippers. This indicates a local market. On cross-examination some of these witnesses testified that the Lexington price on hay depended upon what it could be sold for when shipped, deducting freight and commission. Defendant produced no testimony as to the market price of hay at Lexington, and no witness to prove that there was no market for such hay at that point. The testimony on the part of defendant was con-

fined to proving what the market price of hay of the grade described in the contract was in Kansas City at the time when it should have been delivered. This, however, was not the proper measure of damages. The hay was to be delivered on board the cars at Lexington, Nebraska, and defendant's proof should have shown what the market value of hay of the same kind and quality delivered upon the cars at Lexington was at the time when delivery was to be made, or that such hay could not have been purchased there. There is evidence enough to warrant the district court in coming to the conclusion that the defendant might have gone into the market at Lexington, the place of delivery, and purchased hay of the contract quality at a lower price than that which they agreed to pay the plaintiff. If this is the fact, they suffered no actual damage by the plaintiff's failure to deliver, and the judgment awarding them only nominal damages was correct. We have read the evidence carefully, and find that it sustains the judgment.

The judgment of the district court therefore is

AFFIRMED.