NATIONAL WAREHOUSE AND STORAGE COM-
PANY, Appellant, v. P. TOOMEY et al., Resepnd-
ents.

Springfield Court of Appeals, June 6, 1910.

1. **CONTRACTS: Sales: Breach of Contract: Damages: Evidence Showing Market Value.** In a suit for damages for failure on the part of plaintiff to deliver twelve cars of No. 1 hay at Independence, Iowa, according to contract, the evidence tended to show that there was no market value on No. 1 hay at Independence at the time of the delivery as fixed by the contract. Plaintiff offered to show that hay at Independence, and throughout Iowa, is generally shipped to St. Louis, and further offered to show the market price of hay in St. Louis and the freight rate from Iowa to St. Louis. This was excluded. *Held* error.

Warehouse and Storage Co. v. Toomey.

2. ———: ———: ———: ———: **Measure of Damages.** In an action by the vendee against the vendor for a breach of contract of sale, generally the measure of damages is the difference between the contract price and the price for which goods of a similar quality can be bought in the market at or within a reasonable time after the date when they should have been delivered, and at the place where the vendee was bound to receive them.

3. ———: ———: ———: ———: **Evidence Showing Market Value.** Damages are not necessarily measured by the market price at the place of delivery, for if there is no market for the article at the place of delivery, the market price at the nearest and most available market would determine the measure of damages; and where there is no market price at the place of delivery, such price at the place to which the goods were to be sent less the cost of transportation is the measure of their value at the place of delivery.

4. ———: ———: **Place of Delivery.** A contract which read, "Sold to National W. H. & St. Co. 12 cars No. 1 timothy hay at $12 per ton track Independence," should be given the same effect as if it read, "twelve cars of hay f. o. b. Independence," and in such case the place of shipment is the place of delivery.

Appeal from the Circuit Court of St. Louis City.— *Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Henry H. Oberschelp* for appellant.

If Independence, Iowa, was the place of delivery of the hay, evidence ought to have been allowed to show that both parties knew the hay was intended for the St. Louis market, and that St. Louis was the natural market for hay from this point and was in contemplation of the parties on entering into the contract.. 3 Sutherland on Damages, 1893; Cook Mfg. Co. v. Randall, 62 Iowa, 244; Anderson v. Frank, 45 Mo. App. 482; Boyd v. Quinn Co., 40 N. Y. S. 371; Lumber Co. v. Bradlee, etc., 96 Ky. 498.

*Judson & Green* and *S. L. McCrory* for respondents.

(1)    The contract sued upon makes the place of delivery Independence, Iowa.    Price v. Van Stone,    40 Mo. App.    211.    (2)    The measure of damages for the breach of contract was the difference between the contract price and the market price at Independence, Iowa, at the time when the hay should have been delivered. Northrop v. Cook, 39 Mo. 208; Warren v. Mfg. Co., 161 Mo. 124; Gill v. Commission Co., . 84 Mo. App.    456; Price v. Van Stone, 40 Mo. App. 207; Parlin Co. v. Boatman, 89 Mo. App. 48; Benjamin on Sales (4 Am. Ed.), sec. 882a.    (3)    It is only in cases where the evidence clearly shows that there is no market price for chattels at the place of delivery provided in a contract that the court permits evidence as to the market price at some other place.    Where there is a market at the place of delivery, the market price at that place must control.    Grand Tower Co. v. Phillips, 90 U. S. 47; Cobb v. Whitsett, 51 Mo. App. 148; Bush v. Fisher, 85 Mo. App. 1.

GRAY, J.—This suit was instituted before a justice of the peace in the city of St. Louis, on February 8, 1907, and the petition is based upon the following account:

"Independence, Iowa, 190

"M.....................

"In account with Toomey & Ahearn.

"10-27-06.

"Sold to National W. H. & St. Co. 12 cars No. 1 Tim. Hay at $12.00 ton Track Independence.

"TOOMEY & AHEARN."

The suit was commenced by attachment on the ground that the defendants were non-residents of the State of Missouri.    The defendants appeared before a justice of the peace and a trial was had resulting in

a judgment in favor of the plaintiff for three hundred and sixty dollars. The defendants appealed to the circuit court, and at the close of the testimony, the court gave a peremptory instruction, limiting the plaintiff's right to the recovery of nominal damages. Under the instruction the jury returned a verdict for one dollar and plaintiff has appealed.

The evidence shows that the vice-president of plaintiff was in Iowa at the date of the contract, and that the defendants executed the contract above set forth, and afterwards refused to deliver the hay.

The plaintiff's vice-president testified in its behalf that the market price of hay advanced three dollars or four dollars per ton after the date of the contract. This witness also testified that he had been in the hay and grain business for about thirty years, and that the nearest market for Independence, Iowa, was Chicago, St. Louis and Omaha. The plaintiff offered to show by this witness that the price of hay at Independence, Iowa, and other points in the country, were based upon St. Louis quotations. This testimony, the court refused, on the ground that the plaintiff's witness did not know the market price of hay in Independence, Iowa.

The plaintiff called the defendant, Ahearn, and during his examination, he testified that the market value of No. 1 hay at Independence, Iowa, in December, 1906, was from nine dollars to nine dollars and fifty cents per ton. The witness being recalled, testified as follows:

"Q. What was the market price of No. 1 timothy hay at Independence, Iowa, December 20th, 1906? A. I couldn't hardly tell you; we don't hardly have any No. 1 hay there.

"Q. So that really the market hadn't any No. 1 hay? A. Didn't have any No. 1 hay.

"Q. When you have it where do you ship? A. Sometimes it goes to New Orleans; sometimes to St. Louis."

This last testimony of the witness tended to prove that the market at Independence, Iowa, had no No. 1 hay at the time mentioned. It is true the witness had previously testified that the market value of the hay was from nine dollars to nine dollars and fifty cents per ton, but it must be considered that he was an adverse witness to the plaintiff, and all of his testimony must be considered together and in connection with the surrounding facts and circumstances. The testimony shows that at the time he testified the hay was worth nine dollars per ton, the plaintiff was demanding that he perform the contract by which he and his co-defendant were to receive twelve dollars per ton for the hay. It does not stand to reason that if the market price was only nine dollars, that plaintiff would have been demanding twelve cars at twelve dollars per ton, and that defendants would have refused to furnish the same.

The plaintiff offered testimony tending to prove that the city of Independence has a population of from two to three thousand people, and that the hay from that point and throughout Iowa is generally shipped to St. Louis. Plaintiff further offered to show the market price of hay in the city of St. Louis and the freight rates from Iowa to St. Louis, but the testimony was excluded.

In an action by the vendee against the vendor for a breach of the contract of sale, generally the measure of damages is the difference between the contract price and the price which goods of similar quality bought in the market at or within a reasonable time after the date when they should have been delivered, and at the place where the vendee was bound to receive them. [Cobb v. Whitsett, 51 Mo. App. 146.]

But the damages are not necessarily measured by the market price at the place of delivery, for if there is no market for the article at the place of delivery, the market price at the nearest and most available mar-

ket, would determine the measure of damages. [Anderson v. Frank, 45 Mo. App. 482; Vanstone v. Hopkins, 49 Mo. App. 386; Cobb v. Whitsett, 51 Mo. App. 146.]

And where there is no market price at the place of delivery, such price at the place to which the goods were to be sent less the cost of transportation, is the measure of their value at the place of delivery. [Vanstone v. Hopkins, supra; Cobb v. Whitsett, supra; Benjamin on Sales (6 Ed.), page 899; Cahen v. Platt, 69 N. Y. 348; Durst v. Burton, 47 N. Y. 167.]

The general rule that the measure of damages in such cases is the difference between the contract price and the market price at the time and place of delivery, is adopted as one that will generally give complete indemnity to a seller. He can dispose of the commodity contracted to be sold at the market price, and his damages will be the difference between the price thus obtained and the price he would have received if the contract had been performed. There are cases, however, in which it is not practicable to show the price of the property at the precise place of delivery. As said by the Court of Appeals in New York, in Cahen v. Platt, 69 N. Y. l. c. 352: "There may have been no sales of the commodity there, and hence evidence of the price at places not distant or in other controlling markets may be given, not for the purpose of establishing a market price at any other place, but for the purpose of showing the market price at the place of delivery."

When we consider that the purpose which pervades the law of damages for the breach of a contract, is to make full compensation to the aggrieved party for losses sustained as the proximate result of the breach of the contract, the wisdom of the above rule is apparent. If a person is limited in all cases to prove the market value of property at the time and place of delivery, in order to recover, he would, in many cases, be deprived of justice. As said by the New York court: "There may have been no sales of the property at that

point, and also no property of the kind called for in the contract in that neighborhood, and therefore, evidence of the price in other controlling markets would be material, not for the purpose of establishing a market price at the latter place, but for the purpose of showing the market value at the place of delivery."

We believe that the court erred in rejecting the testimony of the plaintiff tending to prove that St. Louis was the controlling market for No. 1 timothy hay shipped from all points in Iowa, and the court also erred in rejecting the testimony as to the freight rates and the market value of the hay in the city of St. Louis.

The appellant insists that St. Louis was the place of delivery of the hay, and therefore, the market price in the city of St. Louis is to govern. The contract provides the hay is to be delivered on the track at Independence, Iowa, and there paid for by the plaintiff. The title to the hay, until it was delivered in St. Louis, was not retained by the defendants, therefore, the rule declared in Erwin v. Harris, 87 Ga. 333, and Ramish v. Kirschbraun, 109 Cal. 559, and recognized in Howard v. Haas, 123 S. W. 1048, does not apply.

Under the terms of the written contract offered in evidence, the plaintiff purchased twelve carloads of hay on the track at Independence, Iowa, and it seems to us that the contract should be given the same effect as if it read, "twelve cars of hay F. O. B. Independence, Iowa," and in such case we have held that the place of shipment is the place of delivery. [Howard v. Haas, supra.]

From what we have said, the action of the court in excluding the plaintiff's testimony and limiting plaintiff's right to nominal damages, was error, for which the judgment must be reversed and the cause remanded. All concur.