MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, plaintiff in error, *vs.* WILSON & GIBSON, defendants in error.

1. By the original charter of the city of Savannah, the streets of the city could not be granted for any purpose, except by Act of the General Assembly; it was not competent, therefore, for the Mayor and Aldermen to authorize the erection of a market house in St. Julian street, even temporarily, if it deprived any of the inhabitants of said street of the use and enjoyment thereof.

2. All acts of a municipal corporation beyond the scope of the powers granted to it are void.

Municipal corporations. Savannah. Before Judge SCHLEY. Chatham Superior Court. January Term, 1873.

For the facts of this case, see the decision.

W. B. FLEMMING, for plaintiff in error.

R. E. LESTER; HARTRIDGE & CHISOLM, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant, to recover damages for the injury done them by

the erection of certain buildings and obstructions in St. Julian street, in the city of Savannah.

On the trial, the jury, under the charge of the Court, found a verdict in favor of the plaintiffs for $2,000 00. The defendant made a motion for a new trial, which was overruled, and the defendant excepted. There is no brief of the evidence in the record containing the facts of the case. There is an agreement of counsel, however, that the evidence at the trial proved damage to the plaintiffs, and no exception was taken to the verdict. It was further agreed, that a temporary market was erected by the defendant in the middle of the street, with a space of twelve feet on each side between the market and curb-stone of the pavement.

The error complained of is, that the Court erred in charging the jury that the defendant, as a corporation, had no power or authority to build a *temporary* market in St. Julian street without first obtaining from the General Assembly of the State special authority to do so. The presiding Judge certifies that he charged the jury that the defendant had no legal right to erect a market-shed in St. Julian street, to the detriment of the citizens, unless the power was given to the corporation by an Act of the Legislature; that the street being a public highway, each citizen dwelling thereon had a public right to the use and easement thereto attaching; that right and easement could not be divested by an ordinance of the City Council, but must be done by the authority of the Legislature, and if the use of St. Julian street should be so perverted or obstructed as to cause damage to the plaintiffs by the erecting of the shed, then the defendant is responsible for such damage as the plaintiffs have proven to result to them from this obstruction illegally made. There is nothing said in the Judge's charge about the erection of a temporary market by the defendant.

It may be stated as a sound legal proposition, that a municipal corporation in this State derives its power and authority from the Act of the General Assembly which creates it—that

is its organic law, and it can do no act *forbidden* by that organic law.

By the original charter of the city of Savannah, the squares, streets, lanes and passages described in the plan of said town in the Surveyor General's office, and have been accustomed or made use of by the inhabitants of said town, shall be, and continue, the common property of the inhabitants of said town, and shall not be aliened or granted away for any purpose whatsoever, than by an Act of the General Assembly. (See the original charter of the city, granted 1st of May, 1760.) It was not competent, therefore, for the defendant to grant or authorize the erection of a market-house in St. Julian street, in said city, even temporarily, if it deprived any of the inhabitants of said street from the use and enjoyment thereof, without an Act of the General Assembly for that purpose, for the plain reason that the organic law of the corporation forbids it.

It is insisted that the market house was only erected temporarily in that street whilst the defendant was pulling down the old and erecting a new permanent market house on the site appropriated for that permanent building. The reply is, that the organic law forbids the defendant from granting away the streets of the city, for any purpose whatsoever, without an Act of the General Assembly. It is a question of power in the defendant as a municipal corporation. It has no more power under its organic law to grant away the use of the streets of the city for the erection of a temporary market house, or for any other purpose, than it would have to grant away the use of the streets permanently. It had no power to grant away the use of the street for *any purpose whatsoever*, so as to deprive the inhabitants of its common use.

The necessity of the case can make no difference as to the power of the defendant; for if it did, the defendant could create the necessity and plead that as its justification for doing what its organic law forbids it to do, for any purpose whatsoever, without the authority of the General Assembly. All acts of a municipal corporation beyond the scope of the powers

granted to it are void; much more are its acts void when expressly *forbidden* by its organic law.

A municipal corporation cannot be justified or excused on the plea of necessity for the exercise of powers which have not been granted to it; much less can it be justified or excused on the plea of necessity for the exercise of powers which its charter expressly forbids.

Let the judgment of the Court below be affirmed.