GLASGOW *et al.* v. THE CITY OF ST. LOUIS *et al.*, *Appellants.*

1. **City**: STREETS. The streets of a city are held by it in trust for the public exclusively for street purposes.

2. ———: ———: ST. LOUIS CITY : CHARTER. The charter of the city of St. Louis held not to confer on the council the power to enact an ordinance, declaring that a part of one of its streets should be vacated for twenty years, that the adjoining owners should have its use for that time and providing that at the end of the twenty years the street should revert to the city for a public thoroughfare.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Truman A. Post* and *Leverett Bell* for appellants.

(1) The relinquishment of Papin street by the Glasgows in 1854 gave the city the same control over it as in case of ordinary streets. (2) When city ordinance 1,752 was passed, and the Glasgows relinquished their land for street purposes, the city of St. Louis had full charter power to "open and alter, abolish, widen, extend and establish" streets, lanes and alleys, and therefore power to abolish Papin street. (3) When ordinance 12,457 was passed, the charter of St. Louis gave the city

council power to vacate streets, and therefore that body had the right to declare the strip of Papin street between Twelfth and Thirteenth streets vacant for twenty years. (4) Plaintiffs have no ground for injunction. The fact that plaintiffs are interrupted in their right of way through Papin to Twelfth street gives them no such right, since (a) Aside from ordinance 12,457, Papin street, between Twelfth and Thirteenth, cannot be a thoroughfare, and is, in point of fact, practically of no use to and deserted by the public. (b) Were the fact otherwise, any more circuity of route, inconvenience of access, or even depreciation in value of property caused by closing up this scrap of street, would not authorize injunction. (5) The evidence shows positively that the injury to plaintiffs is a diminution in the rental or salable value of their lands, by the closing of Papin street between Twelfth and Thirteenth. (6) Injuries so caused are in kind suffered in common by the public, and although more in degree by the adjacent owners, the action, if any, should be brought by the public prosecutor, and injunction therefor will not be granted on the application of a private citizen. *Zabriske v. Railroad*, 13 N. J. Eq. 318; 2 Stor. Eq., sec. 925; *Attorney General v. Nichol*, 16 Vesey, Jr. 342; *Kellinger v. Railroad*, 50 N. Y. 206; *Hinchman v. Ry. Co.*, 17 N. J. Eq. 78; *Allen v. Freeholders*, 13 N. J. Eq. 78; *Doolittle v. Supervisors*, 18 N. Y. 160; *Dawson v. St. Paul, etc.*, 15 Minn. 136; *Green v. Lake*, 54 Miss. 545–6; *Spooner v. McConnell*, 1 McLean, C. C. Rep. 482–3.

*M. L. Gray* for respondent.

(1) The power to vacate, like the power to open streets, can be exercised only for the public good. (2) Ordinance 12,457 is not the exercise of the power to vacate a street, but is a conversion to an unauthorized

use. (3) The city has no power to alien or dispose of streets held in trust for public use. 2 Dill. M. Corp. (3 Ed.) sec. 650, and authorities in note 1, sec. 651, sec. 575 and note 1, sec. 660; *Warren v. Lyons,* 22 Iowa 351, 354; *Commonwealth v. Bowman,* 3 Pa. St. 203; *State v. Atkinson,* 24 Vt. 448; 18 Ohio St. 221; *Trustees v. Perkins,* 3 B. Mon. 440; *Alves v. Tr. of Henderson,* 16 B. Mon. 168; *Trustees v. Hoboken,* 33 N. J. Law, 19; *Alton v. Transp. Co.,* 12 Ill. 60; *Ransom v. Boal,* 29 Iowa, 68, 70; *Matthews v. Alexandria,* 68 Mo. 119; *Hitchcock v. St. Louis,* 49 Mo. 484. (4) Equity will cause the trust to be observed and will enjoin a violation of it at the suit of parties injured. 2 Dill. M. Corp. (3 Ed.) sec. 653, and cases cited in note 1; *Page v. Mayor,* 34 Md. 564; *Spiegel v. Gansberg,* 44 Ind. 418; *Huber v. Gazy,* 18 Ohio, 27. (5) If other persons than the city were to obstruct Papin street, it would be the duty of the city to remove the obstruction. *Blake v. St. Louis,* 40 Mo. 570; *Smith v. St. Joseph,* 45 Mo. 449, 452; *Bowie v. Kansas City,* 51 Mo. 454, 462; *Oliver v. Kansas City,* 69 Mo. 79. (6) The charter itself prohibits the appropriation of public streets to private uses.

NORTON, J.—This cause is before us on defendant's appeal from the judgment of the St. Louis court of appeals affirming the judgment of the circuit court enjoining and restraining defendants from closing so much of Papin street as lies between Twelfth and Thirteenth streets in the city of St. Louis. The defendants claim the right to close or stop up said street by reason of the following city ordinance:

"12,457. An ordinance providing for the vacation of Papin street, between Twelfth and Thirteenth streets, on the dedication to the public of a triangular slip of ground in city block 441.

"Be it ordained by the municipal assembly of the city of St. Louis, as follows :

"Section 1. So much of Papin street as lies between Twelfth and Thirteenth streets is hereby declared to be vacated as a public street, and the use thereof for twenty years from the approval of this ordinance is given to the owners of the property abutting thereon, at the expiration of which time the property embraced in the street shall revert to the city as a public thoroughfare.

"Sec. 2. This ordinance is not to take effect nor be in force unless a triangular slip of land in the city block 441, having a front of twenty feet on Gratiot street by a depth of one hundred and forty-four feet six inches on Twelfth street, and bounded as follows : By Twelfth street on the east, Gratiot street on the north, and by a line drawn from a point on the south line of Gratiot street twenty feet west from the intersection with Twelfth street to a point on the west line of Twelfth street one hundred and forty-four feet six inches south from its intersection with Gratiot street, shall have been properly dedicated and surrendered to the city of St. Louis for public use.

"Sec. 3. This ordinance shall not take effect unless within thirty days from its approval by the mayor, the Shickle, Harrison & Howard Iron Company shall file with the city register its bond to the city of St. Louis, in the penal sum of twenty thousand dollars, with two or more good and sufficient securities, to be approved by the mayor and council, conditioned that said Shickle, Harrison & Howard Iron Company shall save the city of St. Louis harmless from the payment of any costs, damages, judgments, outlay or expenditures by reason of vacating said street as aforesaid, and at the same time pay into the city treasury the sum of two thousand dollars.

"Approved March 27, 1883."

It is claimed that this ordinance is valid by reason of a charter provision which invests the mayor and assembly with power "to establish, open, vacate, alter, widen, extend, pave or otherwise improve  *  *  *  all streets," etc.  The ordinance, though using the word vacate, does not propose, taking the word in its ordinary meaning, to vacate Papin street.  Looking at it in its entirety, it proposes to deny to the public the use of the street for twenty years, and to devote it during that time to the exclusive private use of the Shickle, Harrison & Howard Iron Company at a fixed price, at the expiration of which time the city is again to resume control of it as a street.  The charter provision invoked to sustain the ordinance confers no such power as was exercised in its passage.  The streets of the city are held by it in trust for the public for street uses and purposes and none other.  This precise question was carefully considered in the case of *Belcher Sugar Refining Co v. St. Louis Grain Elevator Co.*, 82 Mo. 127, where it is held, that "it would not do to permit property condemned for one purpose to be used for another and different purpose, or property condemned for public use to be appropriated to private use.  The latter can no more be done than could the property in the first instance have been condemned for such use."  See also the cases therein cited which abundantly sustain the proposition announced in the opinion.

The fact that the public acquired the use of Papin street by dedication instead of condemnation, does not affect the principle.  The above case also affirms the right of a person who sustains peculiar or special damages by reason of the application of a street or wharf to private instead of public uses, to be redeemed by an appeal to the injunctive powers of the court.  From the fact that the evidence offered on the trial to show that plaintiffs would or not sustain a special damage from

closing up Papin street as proposed, is not preserved in
the record except by the general statement that it tended
on the one side to establish such damage, and tended on
the other side to show that no damage would result, we
are precluded from going into that question further than
to say that we must indulge the presumption that the
evidence was sufficient to satisfy the mind of the trial
judge that damages peculiar and special to plaintiffs
would result from shutting up Papin street. Judgment
affirmed with the concurrence of the other judges.