25 527
51 326

25 527
87 465

DANIEL SHEEDY, Respondent, v. UNION PRESS BRICK WORKS, Appellant.

**St. Louis Court of Appeals, April 19, 1887.**

1. NUISANCE—STREETS—RIGHTS OF ABUTTING LAND OWNER.—The closing of an unimproved street, which is impassable for vehicles, so as to compel an abutting land owner to take a circuitous route to reach his premises, is actionable.

2. ———— TRESPASS ON THE CASE—SHEDDING WATER.—The shedding of rain-water from the roof of a house, upon the land of an adjoining proprietor, to his injury, is actionable.

3. ———— DAMAGES, UNWARRANTED.—No substantial damages can be recovered by one for an injury to his property rights, without evidence furnishing a basis for a money estimate.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and remanded.*

S. M. BRECKINRIDGE and M. F. WATTS, for the appellant: The demurrer to the evidence should have been sustained as to the second count; the allegations of the second count did not state facts sufficient to constitute a cause of action. *Powell v. Bunger*, 91 Ind. 64; *Matlock v. Hawkins*, 92 Ind. 225; *Shabut v. Railroad*, 21 Minn. 502; *Bailey v. Culver*, 12 Mo. App. 176; *Kinealy v. Railroad*, 69 Mo. 658; *Crooks v. Pitcher*, 61 Md. 510. The mere dedication of a street, without some municipal act of acceptance, or public user, does not constitute the street a public highway. *Skrainka v. Oertel*, 14 Mo. App. 474; *Pierce v. Chamberlain*, 82 Mo. 618.

NAPTON & FROST, for the respondent: The second count states facts sufficient to constitute a cause of

action. *Trustees of Watertown v. Cowen,* 4 Paige Chy.
510 ; 1 High on Injunctions, sect. 855 ; *Rutherford v.
Taylor,* 38 Mo. 315 ; *Skrainka v. Oertel,* 14 Mo. App. 480 ;
43 Iowa, 636 ; 33 Ga. 801. There were dedication and
public user of Grove street, and no evidence offered to
contradict either, which would justify instruction num-
ber six, offered by defendant. *City of Hannibal v. Dra-
per ;* 2 Dillon Mun. Corp., sects. 638, 640, 642, and
notes.

Thompson, J., delivered the opinion of the court.

The plaintiff is the owner of a lot fronting west-
wardly on Grove street, in the city of St. Louis, and
extending back to a depth of ninety feet ; upon the lot
is a small brick dwelling house, containing two rooms
and an attic, which is the residence of himself and fam-
ily ; the defendant is a corporation, engaged in the man-
ufacture of brick ; its property, upon which its sheds
and works are erected, lies immediately to the south of,
and adjoining, the lot of the plaintiff ; upon the ground
of the defendant, which lies immediately south of the
plaintiff's lot, a shed had, long prior to the commence-
ment of this action, been erected, and maintained, by
the defendant, for its purposes ; the rain-water, which
fell upon that part of the roof of this shed which sloped
toward the plaintiff's lot, was conducted away by a
wooden gutter, erected and maintained by the defend-
ant ; the shed did not stop at the eastern margin of
Grove street, but was extended entirely across that
street, which was a street of fifty feet in width, so as to
totally obstruct any egress for wheeled vehicles south-
ward from the plaintiff's lot, on that street, though the
evidence tended to show that there was a foot-way
through the shed to the south, which, prior to the com-
mencement of this action, the plaintiff had been permit-
ted to use. Grove street had been platted and dedicated
to the public as far south as Switzer street ; beyond that,
toward the south, it had not been dedicated or opened,

and Switzer street was impassable from the point of the intersection of Grove street, both east and west.    Prior to the bringing of this action, the country, in that vicinity, was, for the most part, open prairie.    Grove street had never been improved as a street or highway; the conformation of the ground was such that it could not have been used as a street south of where the defendant's works obstructed it; persons, attempting to use it, could not find a passage, without going upon private ground.    This was shown by evidence, which was substantially uncontradicted, and, to avoid the necessity of the defendant calling further witnesses upon that point, the plaintiff's counsel admitted that, "for practical purposes it was impassable, without further work upon it." Upon, substantially, these facts, the plaintiff brought the present action for damages against the defendant. His petition contains two counts : the first demands damages for casting rain-water, from the defendant's sheds, upon his land ; the second demands damages for the special injury which he has sustained, from the act of the defendant, in obstructing Grove street to the south of the plaintiff's property, whereby the plaintiff, in going to the south, has been obliged to take a circuitous route.    A trial before a jury resulted in a verdict and judgment for the plaintiff in the sum of one hundred dollars on the first count, and two hundred and fifty dollars on the second count.    From this judgment the defendant prosecutes this appeal.

I.    The second count states a good cause of action. A land owner, having a right of egress in a given direction, by way of a public street, may have an injunction to restrain the closing of the street, on the theory that, by being driven to take a circuitous route to reach a place or object in that direction, he suffers what the law terms special damage.    *Glasgow v. City of St. Louis,* 15 Mo. App. 112, 119 ; s. c., 87 Mo. 678; *Belcher Sugar Refining Co. v. St. Louis Grain Elevator Co.,* 82 Mo. 127 ; *Cummings v. City of St. Louis,* 90 Mo. 259 ; s. c.,

7 West. Rep. 274. If he may have an injunction to restrain such an injury when threatened merely, he may, by parity of reasoning, maintain an action for special damages sustained in consequence of the injury, after it has been committed.

II. But the award of special damages, made by the jury for the obstruction of the street in this case, finds no support in the evidence. As already stated, it stands both proved and admitted upon this record, that the street had never been improved by the city, and that it was impassable southward of this obstruction to its termination, without being improved. It also appeared that Switzer street, against which this street terminated, was itself, by reason of the natural condition of the ground, impassable, both east and west. It further appeared that the plaintiff had never kept a horse or wheeled vehicle, and had never attempted to use the street for any purpose except for the purpose of passing on foot. No evidence was offered tending to show that the plaintiff's property had been depreciated in value by this obstruction. In fact, we see no basis in the evidence upon which any definite conclusion could be arrived at as to the pecuniary loss, if any, which the plaintiff has suffered by reason of this obstruction of the street. Undoubtedly, the obstruction deprives the plaintiff of a substantial right, in the enjoyment of which the law will protect him, and the very difficulty of estimating his damages may afford ground for an injunction, restraining the continuation of the nuisance. But, as the plaintiff never sought to use, and never had the means of using, the street southward, otherwise than as a foot passenger; as the plaintiff was not prevented from using it for passage on foot; as it was practically impassable as a street southward from the obstruction, and as he gave no evidence tending to show that the obstruction of the street had diminished the value of his property, or prevented its appreciation in value, we see no ground upon which an award of substantial damages could have been

made in his favor. Plainly, the award which the jury made was merely guess-work, and we can not understand upon what theory they made it, unless it was that the plaintiff was a poor man and the defendant a corporation.

III. On the first count, the court instructed the jury as follows: "That if the jury find, from the evidence, that the defendant erected and maintained a shed, so near the plaintiff's lot, that the rain fell from said shed in, and upon, the plaintiff's lot, and caused damage thereto, they will find for the plaintiff. And in case the jury so finds, the jury will assess the plaintiff's damage, on this count, at such sum as will compensate the plaintiff for the damage done to his lot, and for the time and labor expended in repairing the same." This instruction, it will be perceived, confined the plaintiff's damage, under the first count, to the damage done to his lot, and to the time and labor expended in repairing the same. This was correct in point of law ; but there was no evidence from which a jury could say that any permanent damage had been done to the plaintiff's lot by water, or from which any amount could be assessed for the time and labor expended in repairing such damage as the plaintiff's evidence tended to show had been done. The verdict on this point was likewise the mere guess-work of the jury, without any evidence to guide them in their determination.

IV. The evidence affords no basis upon which the amount of the plaintiff's damages upon either count could be properly reduced by requiring a *remittitur* as the condition of affirming the judgment. If it did, we should still be of the opinion that this is not a case in which that course ought to be taken. Such a course ought not to be taken where the verdict plainly indicates that the case has not been tried before an impartial and unprejudiced jury. *Doty v. Steinberg, ante,* p. 328; *Koeltz v. Blackman,* 46 Mo. 320. Aside from this, the verdict, upon the undisputed facts arising

under the first count, is plainly against the preponderance of the evidence.    This, alone, would not authorize an appellate court to set it aside, but it is a fact which we may rightfully take into consideration, in any case where the evidence affords grounds on which a *remittitur* may be required, in guiding our discretion, whether to require a *remittitur*, or to send the case back for a new trial.

With the concurrence of Judge Rombauer, the judgment will be reversed and the cause remanded.    Judge Lewis is absent.