## HELEN BURDALL, Respondent, v. ALBERT JOHNSON, Appellant.

### Kansas City Court of Appeals, December 3, 1906.

1. **EQUITY: Practice: Jury: Verdict.** In an equity case the finding of the jury binds neither the trial nor the appellate court.

2. **DAMAGES: Evidence: Data: Speculation: Partnership Profits.** Where the amount of damages cannot be estimated with approximate correctness for the want of sufficient data there can be only nominal damages recovered; and the evidence relating to the loss of profits of a partnership is held to be purely speculative; and speculative damages cannot be recovered.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED.

*Tunnell & Hart* for appellant.

The evidence of the respondent as to the damage to the partnership by reason of the alleged violation of the partnership agreement by appellant was so vague and indefinite as to furnish no basis for estimating the amount of the damages and the recovery by respondent could under no circumstances have been for more than nominal damages. Cravens v. Hunter, 87 Mo. App. 456; Sheedy v. Union Pressed Brick Works, 25 Mo. App. 527.

*West & Bresnehen* for respondent.

It is shown by the evidence that the defendant was a young, active, experienced, energetic, capable business man; that he was a hustler for business, and that his services were needed in the business. The evidence further tends strongly to show that the business was profit-

able, and that except for his refusal to carry out his part of the contract, its volume and its profits would have been doubled. That without his assistance fifteen hundred dollars profits were realized. That with his assistance the profits would have been at least three thousand dollars. This is the undisputed evidence. The fact that the loss occasioned by the defendant's fault cannot be shown to a mathematical certainty will not prevent a recovery of at least a part of the loss shown to have resulted from defendant's breach of his contract.

BROADDUS, P. J.—Plaintiff commenced her action against defendant in December, 1905, for an accounting upon a partnership agreement entered into between the parties on the 16th day of January, 1901, and also for damages for the alleged failure of the defendant to perform the conditions of the partnership agreement. At the time of the agreement, defendant Johnson was engaged in the ice business in Brookfield, Missouri, and Jonathan Burdall, plaintiff's husband, was operating a coal mine near that place, and it was agreed in writing that plaintiff and defendant would form a partnership for the purpose of operating the coal mine and selling the produce in the business established by defendant and also to carry on the ice, coal and wood business. Defendant had been in business for some time previous and owned an ice house and pond for the harvesting and storage of ice, and ice tools, wagons, teams and other property used in the business.

The contract of partnership in substance was: That Johnson was to put into the partnership the good will of his business, his ice tools, wagons and other property mentioned, and the use of his ice house and pond, and plaintiff to put into the business the use of her coal mine; the title of the real estate of the respective parties to remain in them. Among other things, it was agreed as follows: "Each of said partners shall receive

the sum of thirty-five dollars per month as salary and in consideration thereof the said Johnson shall give his whole time to the said business and the said Helen D. Burdall shall furnish the services of J. Burdall, who shall give all his time to the business of said copartnership, and the said J. Burdall shall take the place of and in all matters represent the said Helen Burdall."

The contract contained the following clause providing for differences between the parties in case of the dissolution of the partnership, viz.: "In case of such dissolution, if the parties cannot agree upon a settlement of their affairs, and cannot agree upon the value to be placed upon permanent improvements hereinbefore mentioned, or in any other matters cannot agree upon a settlement of their partnership business, they shall arbitrate the matter in this way. Each party shall choose a competent disinterested man — if they cannot agree upon a settlement, they shall chose a third man, wholly disinterested, and these three men shall settle the disputed points, and the said parties hereby agree to be bound by such decision."

Until May 1, 1902, the defendant and plaintiff's husband gave their time to the partnership's affairs and each for the time received the sum of $35 per month. It is claimed by defendant that, at that date, owing to the light crop of ice that had been obtained the preceding winter, the services of both himself and Burdall were not required in the business, which fact induced him to obtain other employment at a salary of $100 per month, and that he previously made known his intention of so doing to Burdall and he claims that the latter agreed that he might do so. And it appears that Burdall made no objection to defendant's said employment. Defendant received no salary from the partnership after May 1, 1902. The business was conducted by Burdall from that date until in November, 1905, at which time defendant asked to have a settlement of the partnership

affairs, to which plaintiff consented, but, as they could not agree, arbitrators were selected, who made return that plaintiff was indebted to defendant in the sum of $757.10, which plaintiff paid. The matter in controversy here was not considered by the arbitrators.

The plaintiff's testimony was to the effect that the partnership would have made more than double the amount of profits that were realized, had the partnership had the benefit of defendant's services. But it was not shown in what manner such additional profits could have been realized. Burdall merely estimated their value. By agreement of parties the issues were submitted to a jury which returned a verdict for plaintiff as follows: "We, the jury, find for the plaintiff, and further find that by reason of the failure of defendant to devote his time to the partnership business from May 1, 1902, to November, 1905, the firm of Burdall and Johnson was damaged in the sum of six hundred and fifty dollars." The court adopted the finding of the jury and rendered judgment against defendant for one-half of said amount less a credit of $37.35, one-half the amount paid out by him on interest funds. And the court further found that one, Fred Moore, had by agreement of parties been authorized "to collect, pay out and distribute and make division of the partnership property;" and it was adjudged that the partnership be dissolved.

The case being one in equity, the finding of the jury is not binding on this court and was not binding upon the trial court. As the court adopted the verdict of the jury under instructions given at the suggestion of the respective parties, we are authorized to conclude that the finding was based upon the same theory embodied in the instructions.

We hold at the outset that there was no evidence upon which to base a verdict of any kind. The rule in such cases is properly expressed in Cravens v. Hunter, 87 Mo. App. 456, as follows: "Where the amount of

damages cannot be estimated with approximate correctness, there being no sufficient data from which a witness could make an estimate, plaintiff is not entitled to recover more than nominal damages." And, "No substantial damages can be recovered by one for an injury to his property rights, without evidence furnishing a basis for a money estimate." [Sheedy v. Union Press Brick Works, 25 Mo. App. 527.] The question came up in Chapman v. Kirby, 49 Ill. 211, where the court said, "We all know that in many, if not all professions and callings, years of effort, skill and toil are necessary to establish a profitable business, and that when established it is worth more than capital. Can it be said, that a party deprived of it has no remedy and can recover nothing for its loss, when produced by another?" The opinion then proceeds to assert that loss of profits is in such cases the measure of damages. But as to how such damages may be ascertained said, "And to measure such damages, the jury must have some basis for an estimate and what is more reasonable than to take the profits for a reasonable period next preceding the time when the injury was inflicted?  .  .  .  Nor can we expect that in actions of this character, the precise extent of the damages can be shown by demonstration. By this means they can be ascertained with a reasonable degree of certainty."

Plaintiff's husband was asked if there had been any decrease in the profits from the time defendant ceased to render services for the partnership. He answered that there had not, but that they had increased. But he accounted for the increase on the ground that the business was young up to that time, and that the profits necessarily increased with time. He, however, failed to give any basis whatever for his estimate of loss of profits. From his standpoint, his estimate was purely speculative. As there was no evidence other than that of Burdall as to plaintiff's damages, the verdict of the jury and the finding of the court were wholly unsupported

by competent evidence. Purely speculative damages are not recoverable at law.

The question as to the conclusiveness of the finding of the arbitrators and other questions raised are not necessary to be considered in view of the fact that plaintiff has made no case under her proof.

It is therefore ordered that the judgment be reversed and that the decree is modified by striking from the same the judgment of the court against defendant for the sum of $287.60, and the allowance to defendant of $37.50 for payment of insurance. All concur.