## NICHOLAS M. BELL, Respondent, v. ALZEY REALTY COMPANY, Appellant.

### St. Louis Court of Appeals, February 6, 1912.

1. **APPELLATE PRACTICE: Conclusiveness of Finding of Facts.** A finding of fact by the trial court on conflicting evidence will not be disturbed on appeal.

2. **WATERS AND WATERCOURSES: Negligence: Eavesdrip: Duty of Owner.** Although the owner of premises has the right to protect them against rain or snow, even though incidental injury may result to adjacent property in consequence, yet he must respond in damages to one injured through his negligent breach of duty in the matter; and where one constructs his building so as to cast water therefrom upon the land of his neighbor, or, although he places proper eave-troughs or gutters upon his building for leading off the water upon his ground but negligently permits them to become defective or neglects to maintain them in a reasonably proper condition, thereby permitting the water accumulated upon the roof of his building to be precipitated upon the adjacent premises, he is liable for the damage caused thereby.

3. **INSTRUCTIONS: Refusal: Covered by Other Instructions: Water and Watercourses.** In an action to recover damages resulting to a wall of plaintiff's building, from water precipitated on it from a defective gutter on defendant's adjacent property, which was tried before the court without the aid of a jury, a requested instruction, that plaintiff could not recover unless the wall was upon his premises, was sufficiently covered by an instruction that, unless it appeared that defendant had collected water on its premises by artificial means and cast it upon plaintiff's premises, no recovery could be had, and hence the refusal of the former instruction was not error.

4. ————: ————: **Not Based on Facts.** An instruction, which hypothesizes facts, concerning which there is no evidence, and which is repugnant to admissions made by the party offering it, is properly refused.

5. **BILLS OF EXCEPTIONS: Contradictory Recitals: Construction.** Where a bill of exceptions recited that a certain instruction was refused and that the party offering it saved exception to such refusal, but subsequently recited that the instruction was given and that the indorsement of the word "refused" on it was a clerical error, the latter recital, being the more recent, will be accepted by the appellate court as setting out the truth of the matter.

6. ————: **Verity: Bystanders' Bill.** If either of the parties is not satisfied with the bill of exceptions as the trial judge would make it read, the statute (section 2031, Revised Statutes 1909) provides for a bystanders' bill; and when no such bill is taken, the one signed by the trial judge, properly filed and made part of the record, imports absolute verity, and the truth of its statements is not to be doubted.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Henry Rowe* and *Thos. J. Rowe, Jr.,* for appellant.

The evidence clearly discloses that the Alzey Realty Company exercised ordinary prudence and care in the construction of its buildings, spouts and gutters and is consequently not liable to plaintiff for any damage sustained by the latter; the damage, if

any, sustained by the latter is *damnum absque injuria.* Miller v. Wilson, 104 Ill. App. 556; Gould v. McKenna, 86 Pa. St. 297; Meister v. Lang, 28 Ill. App. 642; Barry v. Peterson, 48 Mich. 263.

*Thomas L. Anderson* for respondent.

If one constructs his building so as to cast water therefrom upon the land of his neighbor, he commits an actionable wrong. Cooley on Torts (2 Ed.), p. 671; Hooten v. Barnard, 137 Mass. 36; Phillips v. Waterhouse, 69 Iowa, 199; Sheedy v. Brick Co., 25 Mo. App. 527; Reedy v. Brewing Co., 161 Mo. 523.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

A jury was waived and the issue tried before the court. The subject-matter of the controversy relates to the manner in which defendant maintained a gutter on its building, causing water to flow therefrom upon a wall of plaintiff's building. It appears plaintiff owns a lot and a brick building situate thereon at No. 4107 Olive street, St. Louis, and defendant owns the next adjacent building and lot on the west of plaintiff's property, which is numbered 4109 on the same street. Both buildings are brick structures immediately adjoining. Plaintiff's building protrudes to the north line of Olive street, but that of defendant stands to the north of the street line about fifteen feet. The evidence for plaintiff tends to prove that defendant constructed a gutter on its building, designed originally for the purpose of carrying the water which fell on its roof through a downspout on to its own premises; but for more than a year prior to the institution of this suit, through the negligence of defendant, this gutter was out of repair, so that the water overflowed

therefrom on the east side of the roof of defendant's
porch in front of its building, upon and against the
west wall of plaintiff's building. Through defendant's
carelessness and inattention, its gutter on the east side
of the roof of the porch was permitted to sag some
two or three inches and so continued for a long period,
notwithstanding several requests from plaintiff to re-
pair it. Because of this condition of the gutter, at
each recurring rain, the water from the roof of de-
fendant's building was precipitated in large quantities
over and against plaintiff's wall, so as to soak it,
thereby impairing its condition. The evidence tends
to prove that, because of the water being so cast upon
and against plaintiff's wall, his building was rendered
damp and uninhabitable, the stairway and joists be-
came decayed, and the plastering and paper inside of
the building were destroyed. Because of this the
tenant removed from the building, and it stood vacant.

For defendant, the evidence tended to prove that
plaintiff's gutter was both carefully constructed and
maintained and that no damage whatever was entailed
upon plaintiff from that source. But the court found
the issue for plaintiff as though defendant were negli-
gent in the manner stated. Though the testimony is
highly conflicting, there is not only substantial evi-
dence, but an abundance thereof as well, in support of
the finding of fact, and, this being true, we are con-
cerned only with the question of liability which the
proof tends to suggest under the law.

Although it is true that every person has a clear
legal right to protect his premises against the fall of
rain or snow, even though incidental injury may result
to his neighbor in consequence, it is likewise true that
he must respond in damages to one injured through
his negligent breach of duty with respect to the matter.
The law casts upon the owner or every proprietor of
land the duty to use his own so as not to restrict the
enjoyment by others of corresponding rights in their

property. While this duty does not entail the obligation of insurer against a proprietor in every case, in favor of his neighbor, it does impose the requirement that he shall observe ordinary care and proper precaution, to the end of protecting adjoining property from impairment or damage, in consequence of such safeguards as he may employ for the protection and advantage of his own. If, therefore, one constructs his buildings so as to cast water therefrom upon the land of his neighbor, or if he places proper eave troughs or gutters upon his building for leading off the water upon his own ground, and carelessly permits them to become defective, or thereafter neglects to maintain them in a reasonably proper condition for the purpose, and thus precipitates the water accumulated from his roof upon the wall of the adjacent proprietor, to his damage, he may be required to make compensation for the loss entailed. [See Cooley on Torts (3 Ed.), sec. 681, pp. 1187, 1188, 1189; Davis v. Smith, 141 N. C. 108; Hooten v. Barnard, 137 Mass. 36; Sheedy v. Union Press Brick Works, 25 Mo. App. 527; Reedy v. St. Louis Brewing Assn., 161 Mo. 523, 61 S. W. 859.] It appearing that defendant accumulated the water from the roof of its building in an eave trough and negligently permitted the trough to become defective and precipitate the water therefrom upon plaintiff's wall, it is certainly liable for the damage which ensued.

But it is argued that, though such be true, the judgment should be reversed for the reason the court refused defendant's instruction No. 4 as follows: "The court declares the law to be that there can be no finding for plaintiff unless the court finds and believes from the evidence that the wall alleged to have sustained the injury complained of is in and upon the premises of plaintiff." This instruction appears at one place in the bill of exceptions to have been refused; at another place, in the same bill, it is recited

by the trial judge that it was actually given and the indorsement, "Refused," thereon is but a clerical error. Though we treat it as having been refused by the court, it is entirely clear that the judgment should not be reversed on this score, for by defendant's second instruction given, the court properly declared the law on the subject. In other words, in defendant's second instruction the court declared the law to be that unless it appeared defendant collected water on its premises by artificial means and cast it thence, in and upon the premises of plaintiff, then no recovery could be allowed. The important fact to be found touching the question of liability—that is, that the water was cast by defendant upon plaintiff's premises to his injury—is recognized in both instructions, the one given and the one refused, as essential to plaintiff's right of recovery. The court obviously found such to be the fact, as appears from instruction 2 which it gave, and, therefore, the refusal of instruction 4 in no sense indicates that an erroneous theory of the law was pursued.

Furthermore, this instruction was properly refused, because there is nothing in the case suggesting that plaintiff's wall was not in and upon his premises; that it was upon his own is not controverted. Indeed, the record discloses that defendant expressly admitted plaintiff owned the title to the premises on which his building was situated. Moreover, the president of the defendant corporation, when on the witness stand, testified in plain terms, concerning a coat of cemet plaster which plaintiff placed upon the outside of the west wall of his building, that "It runs up from our building line 'straight up.'" From this alone, it appears that plaintiff's building was situate entirely on his own lot, for if the coat of cement on the west side of its west wall went "straight up" from the building line, then it could not be otherwise. As before said, there is nothing in the record to suggest

that plaintiff's building was not wholly upon his lot or that any portion of it was on that of defendant, and the refusal of the instruction requested may be justified on this ground alone, for all of the evidence concedes plaintiff's building was situate on a lot to which he owned the title. Unless there was evidence to support a theory contrary to this, of course there was no error in refusing the instruction above copied.

Aside from all of this, the bill of exceptions reveals that this instruction was actually given and not refused at all. The instruction at one place in the bill is set forth under a recital to the effect that it was refused, and to its refusal an exception appears to be saved. At a subsequent place in the same bill of exceptions, this indorsement on the instruction appears and is signed by the judge who presided at the trial: ''This instruction was given and placed among the given instructions. The word 'Refused' was a clerical error. W. B. Homer, Judge.'' From this it appears that though the instruction was inadvertently marked ''Refused,'' it was actually given in the case, and this appears, too, in the same bill of exceptions, which, at another place, says it was refused. But the latter indorsement by the trial judge is more recent and comes to us in the bill of exceptions as the truth of the matter, for no one can doubt the authority of the trial judge to settle mere matters of exception at the time the bill is signed and authenticated and cause them to be properly inserted in the bill according to the fact. Such is the province and duty of the trial judge. If either of the parties is not satisfied with the bill as the judge would make it read, the statute provides for a bystanders' bill. When no such bill is taken, the one signed by the trial judge, properly authenticated, filed and made a part of the record, imports absolute verity, so that the truth of its statements is not to be doubted. [See. 3 Ency. Pl. & Pr., 513; State v. Greenwade, 72 Mo. 298;

State v. DeMosse, 98 Mo. 340, 11 S. W. 731.] The bill of exceptions importing absolute verity as it does, the instruction above copied obviously should be treated as having been given, for such is expressly stated to be the fact in the bill itself by the trial judge, over his signature at the time the bill was signed and filed. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.